IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:10CV674 |
| | ) | |
| HERITAGE CIRCLE, LLC, | ) | |
| KENSINGTON PARK, LLC, | ) | |
| OAKWOOD #1, LLC, | ) | |
| OAKWOOD #2, LLC, | ) | |
| MICHAEL P. TAYLOR, and | ) | |
| MARLENE TAYLOR, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is before the Court on a Motion to Set Aside Default Judgment [Doc. #41] and a Motion for Stay of Execution of Judgment [Doc. #42] filed by Michael P. Taylor ("Defendant Michael Taylor") and Marlene Taylor ("Defendant Marlene Taylor") (collectively, "the Taylor Defendants"). For the reasons set forth below, the Court will deny the Taylor Defendants' Motions.[1]

On September 3, 2010, Citibank, N.A., the predecessor in interest of Plaintiff Wells Fargo, N.A. ("Plaintiff"), filed the Complaint in this case, asserting claims against the above-captioned Defendants, including the Taylor Defendants, for Breach of Note, Breach of

---

[1] The Taylor Defendants' Motion for Stay of Execution of Judgment asks the Court to stay execution of the Default Judgment against them pending disposition of their Motion to Set Aside Default Judgment. Because the Court will dispose of the Motion to Set Aside Default Judgment in this Memorandum Opinion and Order, the Court will deny as moot the Taylor Defendants' Motion for Stay of Execution of Judgment, and will not address it further herein.

Guaranty, and Appointment of Receiver. On September 8, 2010, civil summonses were issued to both Defendant Michael Taylor and Defendant Marlene Taylor. The Taylor Defendants did not answer the Complaint or otherwise defend the claims against them. As a result, Plaintiff filed a Motion for Entry of Default [Doc. #16] on August 18, 2011, and Default was entered against the Taylor Defendants on August 22, 2011. Thereafter, Plaintiff filed its first Motion for Default Judgment [Doc. #19] against the Taylor Defendants. However, the Court denied Plaintiff's first Motion for Default Judgment without prejudice to refiling "after the Bankruptcy Court for the District of Nevada has resolved the motions before it related to the proceedings against the [Taylor Defendants]."[2] (Ct. Order at 2, [Doc. #21]). Following resolution of the relevant matters before the Bankruptcy Court, Plaintiff filed a Renewed Motion for Default Judgment [Doc. #22] in this Court. Thereafter, on January 18, 2012, the Court granted Plaintiff's Renewed Motion and entered a Default Judgment against the Taylor Defendants in the amount of $3,306,649.04, plus interest.

On October 4, 2012, nearly nine months after the Court entered the Default Judgment against them, the Taylor Defendants filed their present Motion to Set Aside Default Judgment.

---

[2] On September 30, 2010, Defendants Heritage Circle, LLC, Oakwood #1 LLC, and Oakwood #2 LLC ("the LLC Defendants") filed for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada. The Taylor Defendants were not parties to the bankruptcies. However, prior to Plaintiff filing its first Motion for Default Judgment [Doc. #19] in this Court, the LLC Defendants made a request before the Bankruptcy Court to modify the Bankruptcy Plan to preclude further proceedings in this Court against the Taylor Defendants. As such, this Court denied Plaintiff's first Motion for Default Judgment without prejudice to refiling after resolution of the Bankruptcy motions related to the Taylor Defendants. As noted in Plaintiff's Renewed Motion for Default Judgment [Doc. #22], the Bankruptcy Court denied the LLC Defendants' request.

2

In their Motion, the Taylor Defendants contend that the Default Judgment is void for lack of personal jurisdiction because Plaintiff failed to properly serve the Taylor Defendants with the Complaint and Summons in this case. Specifically, the Taylor Defendants contend that neither Defendant Michael Taylor nor Defendant Marlene Taylor signed the relevant Federal Express delivery receipts attached to Plaintiff's Affidavit of Service by Federal Express [Doc. #10]. In support of that contention, the Taylor Defendants have attached to their Motion to Set Aside Default Judgment purported examples of Defendant Michael Taylor's and Defendant Marlene Taylor's signatures. The Taylor Defendants contend that the signatures on the relevant Federal Express delivery receipts are identical to one another, showing that the same person signed both receipts, but that those signatures do not resemble the signatures of either Defendant Michael Taylor or Defendant Marlene Taylor. Thus, the Taylor Defendants contend that the "only person who could have signed for [the deliveries] would have been Tom Callahan, who was the property manager of Nevada Royale Apartments," where the Taylor Defendants reside. (Def.'s Mot. at 2, [Doc. #41]). As such, the Taylor Defendants contend that the Court did not have personal jurisdiction over them when it entered the Default Judgment on January 18, 2012, and, therefore, the Default Judgment is void.

Under the Federal Rules of Civil Procedure, a plaintiff may obtain valid service pursuant to the law of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). Rule 4 of the North Carolina Rules of Civil Procedure permits service "[b]y depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a

3

delivery receipt." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(d). Proof of service by designated delivery service shall be made by an affidavit of the serving party averring all of the following:

    a.    That a copy of the summons and complaint was deposited with a designated delivery service as authorized under G.S. 1A-1, Rule 4, delivery receipt requested.

    b.    That it was in fact received as evidenced by the attached delivery receipt or other evidence satisfactory to the court of delivery to the addressee.

    c.    That the delivery receipt or other evidence of delivery is attached.

N.C. Gen. Stat. § 1-75.10(a)(5).

> This affidavit together with the return receipt, copy of the proof of delivery provided by the United States Postal Service, or delivery receipt, signed by the person who received the mail or delivery if not the addressee raises a presumption that the person who received the mail or delivery and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process or was a person of suitable age and discretion residing in the addressee's dwelling house or usual place of abode.

N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2). In interpreting Rule 4(j2)(2), the North Carolina Court of Appeals has held that the Rule

> "contemplates merely that the registered or certified mail be delivered to the address of the party to be served and that a person of reasonable age and discretion receive the mail and sign the return receipt on behalf of the addressee. A showing on the face of the record of compliance with the statute providing for service of process raises a rebuttable presumption of valid service."

Granville Med. Ctr. v. Tipton, 160 N.C. App. 484, 490-91, 586 S.E.2d 791, 796 (2003) (quoting Lewis Clarke Assocs. v. Tobler, 32 N.C. App. 435, 438, 232 S.E.2d 458, 459 (1977)).

The presumption of valid service is rebutted "'only upon an unequivocal showing that proper service was not made.'" Wilkerson v. Christian, No. 1:06CV00871, 2008 WL 483445, at *4 (M.D.N.C. Feb. 19, 2008) (quoting Cline v. Fairbanks Capital Corp., No. 1:03CV00590,

4

2004 WL 1146694, at *1 (M.D.N.C. May 20, 2004)). "To rebut, a defendant must provide affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." Id. (quotations and citations omitted). Such a showing must also include evidence "that service of process failed to accomplish its goal of providing defendant with notice of the suit, rather than simply questioning the identity, role, or authority of the person who signed for delivery of the summons." Granville, 160 N.C. App. at 493, 586 S.E.2d at 797.

In the present case, Plaintiff filed an Affidavit of Service by Federal Express ("Affidavit of Service") [Doc. #10] on September 22, 2010, stating that on September 21, 2010, "copies of the Complaint and Summons for this action . . . were deposited with Federal Express in separate envelopes for overnight delivery, signature required." (Pl.'s Aff. ¶ 4, [Doc. #10]). The envelopes containing the Complaint and Summons for Defendant Michael Taylor and Defendant Marlene Taylor were separately addressed as follows:

| | |
|---|---|
| Michael P. Taylor | Marlene Taylor |
| 1262 Lincoln Park | 1262 Lincoln Park |
| PO Box 10851 | PO Box 10851 |
| Zephyr Cove, NV 89448 | Zephyr Cove, NV 89448 |

Plaintiff attached to the Affidavit of Service a copy of the signed Federal Express delivery receipts for each of Defendants Michael Taylor and Marlene Taylor. Each delivery receipt contains a signature and a notation that the delivery was signed for by "M. Taylor," with the delivery location noted as "OR MARLENE TAYLOR MANAGER." (Exs. E & F to Pl.'s Aff., [Doc. #10]). Based on the information contained in and attached to Plaintiff's Affidavit of Service, the Court finds that Plaintiff has made a showing on the face of the record of

5

compliance with the requirements for proof of service under North Carolina law. Therefore, the presumption of valid service applies in this case. As such, the Court must now determine whether the Taylor Defendants have presented sufficient evidence to rebut that presumption.

In considering the Taylor Defendants' evidence, the Court first notes that both of the Taylor Defendants failed to submit "affidavits of more than one person showing unequivocally that proper service was not made upon" them, individually. In that regard, the Court notes that Defendant Michael Taylor submitted only one affidavit stating that proper service was not made upon him, and Defendant Marlene Taylor submitted only one affidavit stating that proper service was not made upon her. However, neither affidavit references the nature of the service made upon the other Defendant and, therefore, cannot serve as a second affidavit for rebuttal purposes. Furthermore, neither Defendant Michael Taylor nor Defendant Marlene Taylor submitted any other affidavits supporting his or her individual position regarding service in this case. As such, the Court finds that both of the Taylor Defendants failed to submit the required number of affidavits to rebut the presumption of valid service under North Carolina law. See Wilkerson, 2008 WL 483445, at *4 ("[Defendant], having submitted only a single affidavit attesting that the certified mailing was received at her residence by the babysitter, has failed to rebut the presumption and unequivocally show that service of the complaint was not made.").

Moreover, the Court notes that to the extent that the Taylor Defendants have presented evidence purporting to show that neither Defendant Michael Taylor nor Defendant Marlene Taylor signed the relevant delivery receipts, such evidence, alone, is insufficient to rebut the presumption of valid service in this case. Granville, 160 N.C. App. at 492, 586 S. E.2d at 797

6

("[W]e find no merit in defendant's argument that service was insufficient because the record does not show that it was made on a proper person. . . . [I]t is a reasonable inference from the return receipt that the summons and complaint were delivered to a person . . . [who] received the summons and complaint on behalf of [defendant]. The summons itself was properly directed to defendant. . . . It can be assumed that [signer] was a person of reasonable age and discretion authorized to receive registered mail and sign the receipt for the addressee." (internal quotations and citations omitted) (alterations in original)). The Taylor Defendants have not submitted any evidence that the service in this case contained an improper address for either Defendant Michael Taylor or Defendant Marlene Taylor. Furthermore, the Taylor Defendants have failed to present any evidence that they did not receive notice of the present lawsuit. Rather, each of the delivery receipts at issue clearly states that the delivery was signed for by "M. Taylor," with a delivery location of "OR MARLENE TAYLOR MANAGER." Furthermore, as Plaintiff notes in its Response, a motion filed in the Bankruptcy Court involving Defendant Oakwood #2 LLC, expressly acknowledges that the Taylor Defendants were involved in litigation before this Court, *and* that the Taylor Defendants knew of such litigation, at least as early as September of 2011. Specifically, Defendant Oakwood #2 LLC's motion states as follows: "Given the fact litigation is pending against the principals[3] on their guaranty contracts, *they* are concerned about providing [certified financial statements in the Bankruptcy Court]." (Ex. A to Pl.'s Resp. at 5, [Doc. #45-1] (emphasis added)). Such evidence suggests that the

---

[3] The motion defines "the principals" as "Mr. and Mrs. [Michael] Patrick Taylor." (Ex. A to Pl.'s Resp. at 2, [Doc. #45-1]).

7

Taylor Defendants had notice of the present litigation well before the Default Judgment was entered against them in this case, and the Taylor Defendants have provided no evidence to the contrary. Therefore, based on all of the information presently before the Court, the Court concludes that the Taylor Defendants have failed to rebut the presumption of valid service in this case. As such, the Court will deny the Taylor Defendants' Motion to Set Aside Default Judgment.

IT IS THEREFORE ORDERED that the Motion to Set Aside Default Judgment [Doc. #41] filed by Defendants Michael P. Taylor and Marlene Taylor is hereby DENIED.

IT IS FURTHER ORDERED that the Motion for Stay of Execution of Judgment [Doc. #42] filed by Defendants Michael P. Taylor and Marlene Taylor is hereby DENIED as MOOT.

This the 8th day of April, 2013.

_____
United States District Judge